# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALARIE A. BENNISH | : |
| xxx-xx-8545 | : |
| | : |
| | : CHAPTER 13 |
| Debtor | : CASE NO. 19-16405 |
| | : |
| | : |
| | : JUDGE: ELF |
| J.P. MORGAN MORTGAGE | : |
| ACQUISITION CORP. | : |
| | : |
| Movant, | : |
| v. | : |
| | : |
| VALARIE A. BENNISH | : |
| | : |
| Debtor, | : Hearing Date: August 11, 2020 at 9:30 a.m. |
| | : |
| WILLIAM C. MILLER | : |
| | : |
| Trustee, | : |
| | : |
| Respondents. | : |
| | : |

**STIPULATION RESOLVING RELIEF MOTION**

THIS matter being opened to the Court by Emmanuel J. Argentieri, Esquire of the law office of Romano Garubo & Argentieri, counsel for the secured creditor, J.P. Morgan Mortgage Acquisition Corp., (hereinafter "Movant"), upon a motion for relief from the automatic stay as to real property, more commonly known as 1003 Emily Avenue, Croydon, Pennsylvania 19021; and Michael Seth Swartz, Esquire of the Law Office of Michael Swartz

appearing on behalf of Debtor; and it appearing that the parties have amicably resolved their differences and for good cause shown;

1. Movant's post-petition mortgage account is currently due for the June 1, 2020 ($1,340.91) and July 1, 2020 ($1,342.94) post-petition monthly mortgage payments, along with the reimbursement of Movant's attorney fees/costs in the amount of $1,050.00 for a grand total of $3,733.85.

2. The aforesaid amount ($3,733.85) shall be rolled into Debtor's Chapter 13 plan as a secured claim and shall be paid to Movant over the remaining term of Debtor's plan.

3. The Chapter 13 Trustee shall adjust his records to reflect the increased amount due to Movant pursuant to this order and pay said increased claim to Movant in normal course. Additionally, Debtor shall file a Motion to Modify the Plan within 30 days of Court approval of this stipulation to reflect the changes in the plan pursuant to this stipulation.

4. Commencing with the August 1, 2020 post-petition mortgage payment and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtor shall remit payments directly to Movant as same come due.

5. If any regular monthly mortgage payments commencing after the cure of the post-petition delinquency are more than thirty (30) days late, Movant may send Debtor a written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of the notice, counsel for the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay as to the mortgaged property referenced herein.

      6.    If any regular Chapter 13 Trustee payment is more than ninety (90) days late, Movant may send Debtor a written notice of default of this Stipulation.  If the default is not cured within ten (10) days of the date of the notice, counsel for the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay as to the mortgaged property referenced herein.  The Chapter 13 Trustee may move on any default at his own discretion.

*The undersigned hereby consent to the form and entry of the within order.*

/S/EMMANUEL J. ARGENTIERI
Emmanuel J. Argentieri, Esquire
Attorney for Movant         Date:  7/24/2020

/S/MICHAEL SETH SCHWARTZ
Michael Seth Schwartz, Esquire
Attorney for Debtor         Date:  7/28/2020

/S/LEROY W. ETHERIDGE, ESQ.
LeRoy W. Etheridge, Esq.
For: William C. Miller, Esquire
Ch. 13 Trustee         Date:  7/30/2020
NO OBJECTION
*without prejudice to any
Trustee rights and remedies

# O R D E R

      **AND NOW, this** 4th **day of** September **, 2020, it is hereby ORDERED that the foregoing Stipulation is approved.**

      **ERIC L. FRANK**
      **U.S. BANKRUPTCY JUDGE**

*This stipulation consists of three (3) pages*